**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MAXIMO MARCELINO JIMAREZ FABIAN,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12862 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Maximo Marcelino Jimarez Fabian, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Mexico who entered the United States in 2023. (ECF No. 1 ¶ 1).

3. Petitioner was detained by ICE on September 28, 2026. (*Id.* ¶ 2).

4. On September 29, 2026, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner could be released on $ 7,500 bond. (ECF No. 5-1 at 1). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

5. This Petition followed on October 1, 2026. (ECF No. 1)

6. Respondents filed an answer on October 6, 2026 stating that Petitioner was being detained pursuant to § 1226(a) and may request a bond hearing. (ECF No. 5 at 1).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. Respondents argue Petitioner has failed to exhaust his administrative remedies because he may request a bond hearing. (ECF No. 5 at 1). They ask for the Petition to be dismissed on that basis. (*Id.*)

10. Petitioner *did* request a bond hearing. (ECF No. 5-1 at 1).

11. This Court concludes that release is not an appropriate remedy, but it will grant the Petition to the extent that a bond hearing must be scheduled unless Petitioner has paid the bond.

12. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 21, 2026